IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD Q. GUNN,<br><br>  Plaintiff,<br><br>  v.<br><br>DENNIS GORDON et al.,<br><br>  Defendants. | **MEMORANDUM DECISION & ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:13-CV-659-DN<br><br>District Court Judge David Nuffer |

Plaintiff/inmate, Richard Q. Gunn, argues that Defendants, Utah State Prison (USP) Doctor Richard Garden and Lt. Dennis Gordon, violated his right against cruel and unusual punishment. Specifically, he asserts that (1) Garden denied him appropriate medical care; and (2) Gordon used excessive force and injured Plaintiff, when handcuffing him. Before the Court is Defendants' Motion for Summary Judgment.

Defendants filed several exhibits with their summary-judgment motion, including declarations by Defendants Garden and Gordon, and Grievance Coordinator Billie Casper and Paralegal Suzanne Nelson. They also filed many pages of medical and other prison records relevant to Plaintiff's allegations.

In ruling on Defendants' summary-judgment motion, the Court fully considers--in a light most favorable to Plaintiff--all items filed on the docket. Most particularly, though, the Court carefully evaluates Plaintiff's Complaint; Defendants' *Martinez* report, with all exhibits and declarations; Defendants' summary-judgment motion; Plaintiff's Response to Summary-Judgment Motion, and Defendants' reply to Plaintiff's response.

## ANALYSIS

### I.  Summary-Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Factual assertions may be supported by

> citing to parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* at 56(c)(1). A primary purpose of the summary-judgment rule "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett,* 477 U.S. 317, 324 (1986).

The party moving for summary judgment bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998).

Once the moving party satisfies its initial burden, "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.* Rule 56 requires a nonmovant "that would bear the burden of persuasion at trial" to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671

(10th Cir. 1998). The specific facts put forth by the nonmovant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992). Mere allegations and references to the pleadings will not suffice. However, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

## II.   Statement Of Undisputed Facts

1. Plaintiff was housed at USP during all relevant times.

2. Defendant Garden is Administrative and Clinical Director over health services for the Utah Department of Corrections (UDOC). He did not personally participate in providing medical care to Plaintiff. (Garden Decl. at ¶¶ 3 & 8.)

3. Between February 1, 2010 and September 16, 2010, Plaintiff injured his shoulder and received medical treatment, culminating in surgery to repair his damaged shoulder. (Garden Decl. at ¶¶ 9-18.)

4. On November 17, 2010, Defendant Gordon handcuffed Plaintiff "so he could be escorted from the section." (Gordon Decl. at ¶ 17.)

5. "On November 17, 2010, Plaintiff was seen by EMT Jenn Fitzgerald, and complained that while the officers were cuffing him they pulled on his shoulder and he was worried that the 'pins were out.'" (Garden Decl. at ¶ 22.)

6. Between November 3, 2010 and November 30, 2010, Plaintiff had physical therapy sessions. (Garden Decl. at ¶¶ 21-24.)

7. On December 20, 2010, Plaintiff was seen by Dr. Curtis via Telemed for a follow-up consultation. The notes show that Plaintiff was progressing slowly in physical therapy and

that he "had been in a fight with another inmate and that his shoulder had been pulled forcefully." (Garden Decl. at ¶ 25.)

8. Between January 31, 2011 and August 1, 2012, Plaintiff continued to receive medical treatment for shoulder pain, culminating in another surgery to repair his damaged shoulder. (Garden Decl. at ¶¶ 26-51.)

### III. Personal Participation

To validly state a claim against a defendant in a § 1983 action, a plaintiff must allege the personal participation of the defendant in violating the plaintiff's federal constitutional rights. *Anaya v. Crossroads Managed Care Sys, Inc.*, 973 F. Supp. 1228, 1248 (D. Colo. 1997), *rev'd on other grounds*, 195 F.3d 584 (10th Cir. 1999); *see also Bennett v. Passic*, 545 F.2s 1260, 12162-63 ("Personal participation is an essential element in a § 1983 claim."). The plaintiff must assert an affirmative link between the violation and the defendant's actions. *Id*.

Further, it is well settled in the Tenth Circuit that "[u]nder § 1983, government officials are not vicariously liable for the misconduct of their subordinates." *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1151 (10th Cir. 2006). Supervisors are liable only "for their own culpable involvement in the violation of a person's constitutional rights." *Id*. Section 1983 liability is not available under the doctrine of *respondeat superior*. *Monell v. New York City Dept' of Social Servs.*, 436 U.S. 658, 691-692 (1978). For a plaintiff to simply state that a defendant is a supervisor will not suffice to state a claim; "supervisor status by itself is insufficient to support liability." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).

Defendant Garden oversees the administration and delivery of medical services to inmates throughout the USP population. Plaintiff has not even alleged, nor do any of the records

filed with this case show, that Defendant Garden participated in any sick calls or personally prescribed medication or treatment for Plaintiff.

The Court then assumes that Plaintiff named Defendant Garden simply because of his supervisory role over USP's medical personnel. However, his supervision, minus "'exercise of control or direction'" as to Plaintiff's specific case, is insufficient to sustain a claim against him. *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988)).  There is no allegation or evidentiary support for the possibility that Defendant Garden deliberately or intentionally acted toward Plaintiff.  *See Dodds v. Richardson*, 614 F.3d 1185, 1196 n.4, 1209 (10th Cir. 2010) (Tymkovich, J., concurring).  Accordingly, Defendant Garden may not be held responsible for violating Plaintiff's constitutional rights. Plaintiff's claims against Defendant Garden fail as a matter of law and are dismissed.

All Plaintiff's claims of inadequate medical treatment are therefore dismissed as well. This is because there remain no defendants to which these claims may be linked.

### IV.     Inadequate Claims

Plaintiff's vague and cursory allegations of due-process and equal-protection violations fail to state claims upon which relief may be granted.  There simply are not enough facts presented to allow any meaningful analysis.  Any claims brought under the umbrella of due-process or equal-protection principles are thus dismissed.

### V.     Excessive Force

The relevant inquiry in determining the existence of excessive physical force, violating the Eight Amendment, is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  The factors to be considered in making this determination are:  (1) the extent of the

inmate's injury; (2) the need for force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response. *Id.* A guard's *de minimis* use of physical force is excluded from the Eight Amendment's prohibition." *Id.* at 9-10.

The parties' declarations and evidentiary submissions are at odds as to each one of these factors. Thus, the Court cannot be certain at this time regarding the extent of Plaintiff's injury (from this incident); the need for Defendant Gordon to apply the force he did; the relationship between any possible need for force and amount used; whether Defendant Gordon reasonably perceived a threat and to what degree; and whether he tried to tailor the severity of the force he used to the specific situation of a Plaintiff who had recent surgery. Defendant Gordon simply did not meet his burden on summary judgment.

Based on the evidence accompanying the summary-judgment motion and opposition at hand, the Court cannot say there is no dispute as to the material fact. Indeed, many of Defendant's arguments for summary judgment involve the competing credibility of Plaintiff versus Defendant. This is a sign that an issue of material fact exists. Summary judgment is therefore denied--but only as to Defendant Gordon's alleged use of excessive force in cuffing Plaintiff.

## CONCLUSION

**IT IS ORDERED** that:

(1) Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. (*See* Docket Entry # 39.) It is granted as to Defendant Garden and causes of action of inadequate medical care and due-process and equal-violations. It is denied as to the excessive-force claim against Defendant Gordon.

(2) Plaintiff's motion for the Court to reconsider its dismissal of Warden Bigelow in an earlier order is **DENIED** again.  (*See* Docket Entry # 41.)

(3) Plaintiff's motion to appoint an expert witness is **DENIED**.  (*See* Docket Entry # 45.)  This appears to be asking for an expert to testify about inadequate medical care--a claim that has been dismissed.

(4) Plaintiff's request for discovery is **DENIED**.  (*See* Docket Entry # 50.)   First, he concedes that he has by now been able to see the sealed exhibits; and, second, the request is too broad, considering how this Order narrows the case's focus.

(5) Plaintiff's motion for the Court to order USP personnel to stop interfering with his legal mail is **DENIED**.  (*See* Docket Entry # 52.)  This appears to be a possibly separate claim of legal access and must be appropriately grieved and brought in a separate case, if at all.

(6) Plaintiff's motion for the Court to supply copies of his pleadings is **DENIED**.  (*See* Docket Entry # 56.)  This request is too broad and burdensome, in light of the length of the docket.

(7) Plaintiff's motion to amend his complaint is **GRANTED**.  (*See* Docket Entry # 71.)

If Plaintiff decides to amend, he shall file his amended complaint within thirty days.  The amended complaint shall not stray outside the facts and claims at issue in the original complaint.  And the amended complaint shall not incorporate any part of the original complaint, nor any other pleadings on the docket.  If filed, an amended complaint shall supersede the claims as already presented.

DATED this 30th day of September, 2015.

BY THE COURT:

_____
CHIEF JUDGE DAVID NUFFER
United States District Court